# EXHIBIT A

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:** Nikki Bunch
Dorel Home Furnishings, Inc.
410 E 1ST ST S
WRIGHT CITY, MO 63390-1335

**RE:** **Process Served in California**

**FOR:** Dorel Home Furnishings, Inc.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DEBRA AMES // To: Dorel Home Furnishings, Inc. |
| **CASE #:** | 207721 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **PROCESS SERVED ON:** | National Registered Agents, Inc, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/23/2025 at 11:52 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Nikki Bunch  nicole.bunch@dorel.com |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**  Wed, Jul 23, 2025

**Server Name:**  DROP SERVICE

| Entity Served | DOREL HOME FURNISHINGS INC |
|---|---|
| Case Number | 207721 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br><br>DOREL HOME FURNISHINGS, INC., COSTCO WHOLESALE CORPORATION, and DOES 1 through 50, Inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br><br>DEBRA AMES | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)**<br><br>**FILED**<br><br>MAY 2 0 2025<br><br>SHASTA COUNTY SUPERIOR COURT<br>BY: N. PRESTON, DEPUTY CLERK |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SHASTA<br><br>1515 Court Street<br>Redding, CA 96001 | **CASE NUMBER:**<br>*(Número del Caso):* **207721** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Haslerud Law Office, 410 Hemsted Drive, Suite. 220, Redding, CA 96002; 530/605-1418

| DATE:<br>*(Fecha)* **MAY 2 0 2025** | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DOREL HOME FURNISHINGS, INC.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* July 23rd, 2025

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.

Gary E. Haslerud (SBN: 178023)
Timothy J. Nisson (SBN: 105226)
HASLERUD LAW OFFICE
410 Hemsted Drive, Suite 220
Redding, California 96002
Telephone: (530) 605-1418
Fax: (530) 419-2252

Attorneys for Plaintiff,
DEBRA AMES

FILED

MAY 20 2025

SHASTA COUNTY SUPERIOR COURT
BY: N. PRESTON, DEPUTY CLERK

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SHASTA

DEBRA AMES,

          Plaintiff,

vs.

DOREL HOME FURNISHINGS, INC.,
COSTCO WHOLESALE CORPORATION,
and DOES 1 through 50, Inclusive,

          Defendants.

_____ /

CASE NO.   **207721**

**COMPLAINT FOR DAMAGES**

Plaintiff alleges:

**PRELIMINARY ALLEGATIONS**

1.    Plaintiff DEBRA AMES is, and at all times herein mentioned was, an individual residing in Shasta County, California.

2.    Plaintiff is informed and believes and, on that basis, alleges that at all times herein mentioned, Defendant DOREL HOME FURNINGSHINGS, INC. (hereinafter "DOREL") is, and at all times was, business entity, form unknown, duly organized and doing business in the State of California.

3.    Plaintiff is informed and believes and, on that basis, alleges that at all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), is, and at all times was, business entity, form unknown, duly organized and doing

1

business in the State of California.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this complaint.

5. That, at all times herein mentioned, each of the defendants was the agent, servant, partner, joint venturer, franchisee and employee of each of the other defendants and, in doing the things herein mentioned, was acting in the course and scope of the authority of said agency, employment, service, partnership, joint venture and franchise, with the permission and consent of their co-Defendants.

6. At all times herein mentioned, Defendants COSTCO, DOREL and DOES 1 through 50, were the owners, retailers, sellers and manufacturers of the Cosco stepladder.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY
**(As to Defendants DOREL HOME FURNISHINGS, INC. and DOES 1 through 50)**

7. Plaintiff realleges and incorporates by reference each allegation contained in the preliminary allegations, paragraphs 1 through 6 above, and make the same a part of this First Cause of Action as though fully set forth herein.

8. Defendant DOREL and DOES 1 through 50, acting individually and in combination, designed, manufactured, assembled, tested, inspected, distributed, sold, maintained and/or repaired the subject, Cosco Stepladder. Plaintiff utilized said Cosco Stepladder while performing job duties, stocking bread, in the course and scope of her employment by Bimbo Bakeries, at the Defendant COSTCO'S premises at 4805 Bechelli Lane, Redding, California, on or about June 27, 2023.

9. These Defendants, and each of them, knew that the subject Cosco Stepladder would be utilized, purchased, leased, subleased, and used without inspection for defects by

members of the general public.

10.     The Cosco stepladder and its component parts, were designed, manufactured, marketed and/or repaired by Defendants and was unsafe for its intended use by reason of defects in its design and/or manufacture, including but not limited to testing or lack of testing, and/or selection and testing of component parts of the stepladder being defective and failing to withstand normal and foreseeable usage.  On or about June 27, 2023, while using the Cosco stepladder, one of the component parts failed and suddenly, and without warning, fractured, causing the step plaintiff was standing on to fail, which in turn caused plaintiff to fall to the floor, causing serious injuries and damages to Plaintiff as alleged herein.  Plaintiff herein was harmed by the Cosco stepladder, which contained a manufacturing defect and/or was defectively designed.  Further, Defendants did not include sufficient instructions or warnings of potential safety hazards.

11.     At all times relevant hereto, Plaintiff was using the Cosco stepladder in a reasonably foreseeable way.  Under California law, a manufacturer, distributor or retailer are liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way.  Further, Defendants herein, and each of them, placed the product on the market to be used by consumers, including Plaintiff herein, knowing that it had a defect which was likely to cause injury to human beings.

12.     Defendants, DOREL and DOES 1 through 50, knew or should have known of the defect with the Cosco stepladder, and failed to provide warnings to its customers or issue a recall to correct the defects.  This incident was foreseeable and could have easily been avoided by a simple safety design that would not have allowed the stepladder to fail.  The design defect rendered the product unreasonably dangerous and created a serious risk of the injuries in question at the time it left the hands of the Defendants.  Defendants, and each of them, failed to utilize a safer alternative design which was both technologically and economically feasible at the time the product was introduced into the stream of commerce.  These Defendants' failure to warn of these defects or issue a recall to correct the defects further renders them strictly liable.

13.     The design and/or manufacturing defects as well as the lack of warnings or

3

COMPLAINT FOR DAMAGES

sufficient warnings described more fully above, existed when the subject Cosco stepladder left the possession of Defendants, and each of them, and was a substantial factor in causing the harms to Plaintiff as more fully described below. Furthermore, the Cosco stepladder did not perform as safely as an ordinary consumer would have expected it to perform during a time when it was used in its intended and reasonably foreseeable manner. Additionally: (1) the Cosco stepladder had potential risks that were known or knowable at the time of its manufacture, distribution and sale; (2) said risks presented a substantial danger to users of the product; (3) ordinary consumers would not have recognized the potential risks; (4) the product was used in a way that was reasonably foreseeable to the Defendants; and (5) the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm as alleged herein.

14.    At all times relevant hereto: (1) Defendants, and each of them, manufactured the Cosco stepladder; (2) The Cosco step ladder contained a manufacturing defect when it left the Defendants' possession; (3) the Cosco stepladder was used in a way that was reasonably foreseeable to Defendants, and each of them; (4) Plaintiff herein was harmed as a result of said manufacturing defect; and (5) the product's defect in design or manufacture was a substantial factor in causing Plaintiff's harm as herein alleged.

15.    As a legal result of the aforementioned defects in said Cosco stepladder, caused by Defendants, and each of them, and the resulting incident as herein alleged, Plaintiff herein was injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. These injuries have and will result in some permanent disability to Plaintiff herein, all to her general damage in an amount according to proof and in excess of the general jurisdictional requirements of this court.

16.    As a further legal result of the aforementioned defects in said Cosco stepladder and its component parts caused by Defendants DOREL and DOES 1 through 50, and each of them, Plaintiff herein has been, and in the future will be, required to obtain the services of physicians and to incur other medical expenses in an amount unknown at this time.

17.    As a further direct and proximate result of the fault and strict liability of

4

COMPLAINT FOR DAMAGES

Defendants DOREL and DOES 1 through 50, and each of them, Plaintiff herein has been compelled to incur expenses, including medical, and other special damages and general damages, all to her damage in amounts to be shown according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter alleged.

## SECOND CAUSE OF ACTION

## PRODUCT LIABILITY - NEGLIGENCE

**(As to Defendants DOREL HOME FURNISHINGS, INC., and DOES 1 through 50)**

18. Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs of this complaint and incorporates them herein by reference, as if fully set forth herein.

19. The design and/or manufacturing defects as well as the lack of warnings or sufficient warnings described more fully above existed when the subject Cosco stepladder left the possession of Defendants DOREL and DOES 1 through 50. These Defendants were negligent in the design and manufacture of the Cosco stepladder, as well as with regard to the lack of warnings or sufficient warnings, all of which were substantial factors in causing the harm to Plaintiff, as more fully described below.

20. Additionally, the subject Cosco stepladder was marketed by Defendant DOREL to be a high-performance product, and higher quality and superior as compared to its other brands. Defendants had a duty, upon learning about a pattern of warranty claims and prior injury producing events caused by the Cosco stepladder (evidencing a particular problem in its assembly, design, manufacture and/or assembly) to issue notifications to the consumers who purchased these units. The marketing, manufacture and/or design defect and failure was a producing cause of Plaintiff's injuries at the time it left the hands of Defendants.

21. As a legal result of the aforementioned defects in said Cosco stepladder and/or other component parts caused by the negligence of Defendants DOREL and DOES 1 through 50, and each of them, and the resulting incident as herein alleged, Plaintiff herein was injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff

5

COMPLAINT FOR DAMAGES

great mental, physical and nervous pain and suffering. These injuries have and will result in some permanent disability to Plaintiff herein, all to her general damage in an amount according to proof and in excess of the general jurisdictional requirements of this court.

22. As a further legal result of the aforementioned defects in said Cosco stepladder and/or other component parts caused by the negligence of Defendants DOREL and DOES 1 through 50, and each of them, Plaintiff herein has been and, in the future, will be required to obtain the services of physicians and to incur other medical expenses in an amount unknown to this Plaintiff at this time.

## THIRD CAUSE OF ACTION
### GENERAL NEGLIGENCE
**(As to Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50)**

23. Plaintiff incorporates and realleges paragraphs 1 through 6 of the preliminary allegations and makes them a part of this third cause of action as though fully set forth herein.

24. Defendant COSTCO and DOES 1 through 50, and each of them, maintained a business thereby inviting the public, including employees of vendors such as plaintiff's employer, Bimbo Bakeries, to occupy or otherwise utilize their business premises located at 4805 Bechelli Lane in Redding, Shasta County, California. As such, Defendants owed their vendors' employees, including plaintiff a duty of care to maintain their premises in a reasonably safe manner and free of any dangerous condition. Said Defendants, and each of them, including their employees, negligently provided, maintained, repaired, inspected, controlled, and utilized a stepladder, intended for use by plaintiff and others to stock merchandise in defendant's stores, in such a manner as to cause and/or allow the stepladder to fail, causing plaintiff to fall to the floor. As a result of such negligent activity by Defendants COSTCO and DOES 1 through 50, and each of them, Plaintiff herein was injured.

25. Defendants, and each of them, did so carelessly, negligently and without concern or regard for the safely and health of Plaintiff DEBRA AMES, own, lease, maintain, control, or supervise the above-referenced premises and their employees, agents, and instrumentality as described above, in such a manner so as to create, cause, allow, contribute to and assist in the

COMPLAINT FOR DAMAGES

creation of a dangerous and defective condition which injured Plaintiff as herein alleged.

26.    As a result of the negligence and carelessness of Defendants, and each of them, on or about June 27, 2023, Plaintiff DEBRA AMES was injured, resulting in severe injuries and damages as alleged herein.

27.    As a result of the negligence and carelessness of Defendants, and each of them, Plaintiff DEBRA AMES was hurt and injured in her health, strength, and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, Plaintiff has suffered general damages in an amount according to proof and in excess of the general jurisdictional requirements of this Court.

28.    As a further legal result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff DEBRA AMES has been required to obtain the services of physicians and to incur other medical expenses in an amount unknown to Plaintiff at this time.

29.    By reason of the foregoing, Plaintiff was unable to engage in her employment for a time subsequent to said incident all to Plaintiff's damage in an amount to be shown according to proof.

## FOURTH CAUSE OF ACTION
### PREMISES LIABILITY
**(As to Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50)**

30.    Plaintiff incorporates and realleges paragraphs 1 through 6 of the preliminary allegations and makes them a part of this fourth cause of action as though fully set forth herein.

31.    At all times herein mentioned, Defendants COSTCO and DOES 1 through 50, and each of them, so negligently, carelessly and without due regard or concern for the safety of Plaintiff, did so own, maintain, lease, operate, control, repair, supervise, or occupy those certain premises located at 4805 Bechelli Lane, Redding, Shasta County, California, in such a manner so as to create, cause, allow, contribute to and assist in the creation of a dangerous and defective

COMPLAINT FOR DAMAGES

condition of said premises, which dangerous and defective condition included but was not limited to the presence of a dangerously and defectively designed, manufactured, inspected, maintained, repaired, provided, and utilized stepladder which Defendants COSTCO and DOES 1 through 50, and each of them, knew, or should have known, was likely to fail when used in the manner in which it was intended or reasonably foreseeable to be used, causing the user to fall and be injured.

32.    Said condition existed upon such premises in sufficient time for Defendants, and each of them, to have actual and/or constructive notice of such condition for the Defendant to correct or warn Plaintiff of the existence of such condition, which Defendants so negligently and carelessly failed and neglected to do.

33.    As a direct result of said defective and dangerous condition and negligence and carelessness of Defendants, and each of them, on or about June 27, 2023, Plaintiff DEBRA AMES was injured while lawfully on Defendants' premises, resulting in severe injuries and damages to Plaintiff as alleged herein.

34.    As a result of the negligence and carelessness of Defendants, and each of them, Plaintiff DEBRA AMES was hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her.  As a result of such injuries, Plaintiff has suffered general damages in an amount according to proof and in excess of the general jurisdictional requirements of this Court.

35.    As a further legal result of the negligence of the Defendants, and each of them, as herein alleged, Plaintiff DEBRA AMES has been required to obtain the services of physicians and to incur other reasonable and necessary medical expenses in an amount unknown to Plaintiff at this time.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

8

COMPLAINT FOR DAMAGES

1. For general damages, according to proof;

2. For medical and related expenses and special damages according to proof;

3. For lost income, past and future as well as diminution of earning capacity;

4. For emotional distress including the fear, horror, nervousness, grief, anxiety, worry, shock, humiliation and anxiety and mental suffering she experienced out of fear for her safety and well-being, along with her related emotional distress and mental suffering which she continues to suffer from and continuing into the future, according to proof;

5. Pre-judgment interest;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem proper.

Dated: May 9, 2025

HASLERUD LAW OFFICE

GARY E. HASLERUD
TIMOTHY J. NISSON
Attorneys for Plaintiff
DEBRA AMES

COMPLAINT FOR DAMAGES

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SHASTA

Case Number: 25CV-0207721

## NOTICE OF: ALL PURPOSE ASSIGNMENT, MANDATORY SETTLEMENT CONFERENCE, AND TRIAL

# INSTRUCTIONS – READ IMMEDIATELY!

### ORDER OF ASSIGNMENT

This action is assigned to the Honorable Benjamin L Hanna for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

### MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Tuesday, February 17, 2026, at 1:30 pm in Department 63, located at 1515 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference.

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

### TRIAL DATE

This matter is set for Trial on Tuesday, April 21, 2026, at 8:45 am in Department 63, located at 1515 Court Street, Redding, CA 96001.

### REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 1, 2025

_____
TAMARA L. WOOD, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON MAY 20, 2025.

BY: _____, DEPUTY CLERK

Form Approved for Mandatory Use

Shasta County Superior Court

LF-CIV-100 [rev Jan. 7, 2016]

**NOTICE OF ASSIGNMENT – CIVIL**

Page 1 of 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm . If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

#### Potential Advantages
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

#### Potential Disadvantages
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

Information Sheet

Shasta County Superior Court

LF-CIV-103 (rev March 28, 2013)

**ALTERNATIVE DISPUT RESOLUTION**

**(ADR) INFORMATION PACKAGE**

Page 1 of 2

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

## Shasta County Superior Court ADR Programs

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .

Information Sheet

Shasta County Superior Court

LF-CIV-103 [rev March 28, 2013]

**ALTERNATIVE DISPUT RESOLUTION**

**(ADR) INFORMATION PACKAGE**

Page 2 of 2