David S. Perrine, State Bar No. 160796
Alexis R. Palma, State Bar No. 365033
**MAIRE, PERRINE, POWELL & WERNER**
2851 Park Marina Drive, Suite 300
Redding, CA 96001-2813
(530) 246-6050 / 246-6060 (fax)
dperrine@maire-law.com
apalma@maire-law.com

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DEBRA AMES,

Plaintiff,

vs.

DOREL HOME FURNISHINGS, INC., COSTCO WHOLESALE CORPORATION, and DOES 1 through 50, Inclusive

Defendants.
______________________________________/

CASE NO.: 2:25-cv-02407-DJC-DMC

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER FOR DISCOVERY MATERIALS**

The parties to this action are conducting discovery, which includes and may in the future include interrogatories, inspection of documents, depositions, site inspections, and business records subpoenas.

Some of the information and documents currently sought in discovery and that will likely be sought in the future, contain or relate to information of a private, confidential or proprietary nature, or to trade secret information, the disclosure of which might result in irreparable harm and/or invasion of privacy, including private or personal documents of current or former

employees of Costco Wholesale Corporation ("Costco") and/or Dorel Home Furnishings, Inc. ("Dorel"), policies, business practices and procedures, business knowhow, guidelines, or programs implemented by Costco and/or Dorel; information and documents regarding the structure or operations of Costco and/or Dorel's business; and other documents of Costco and/or Dorel containing or relating to business information that is of a private, confidential, and/or proprietary nature;

THEREFORE, pursuant to the Federal Rule of Civil Procedure 26(c)(1)(G), the purpose of this Protective Order is to permit the parties and their respective counsel to discover certain information, documents and things from each other and to reasonably limit disclosure of said confidential information that may be exchanged and produced now and in the future during this litigation.

For purposes of this Protective Order, the parties are designated as follows: the Plaintiff is DEBRA AMES; the Defendants are COSTCO WHOLESALE CORPORATION, and DOREL HOME FURNISHINGS, INC. To the extent that any Doe defendants are hereafter named, they shall be considered bound by this Protective Order to the same degree as every other party.

**IT IS HEREBY STIPULATED AND AGREED that**:

1. Discovery in this action may involve disclosure of trade secrets, business strategies, customer or client files, customer or client private information, personnel information, and other confidential, proprietary, or non-public business, technical, or employee information. This Protective Order shall govern the production in this action of all documents or other information through formal discovery procedures, including without limitation, documents in written or electronic form produced in response to requests for production of documents, documents responsive to deposition notices, subpoenaed documents, answers to interrogatories, requests for

MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

admission, and deposition or other oral testimony, whether it is revealed by Defendant or any other party or third-party ( collectively "Discovery Materials").

2. The provisions of this Protective Order shall apply to: (i) the parties to this action, including, in the case of parties other than individuals, their independent contractors, officers, directors, partners, in-house counsel and employees, (ii) counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action, and (iii) any other person or entity who produces or provides Discovery Materials in this action.

3. Any party or witness producing Discovery Materials which that party or witness believes in good faith are unavailable to the public, not readily determinable from other sources, and are or have been treated as confidential by that party or witness may designate such Discovery Materials as Confidential.

4. A producing party or witness may designate as Confidential, in whole or in part, any Discovery Materials by so advising all other parties and/or marking any copies of the document or material provided (in a manner not affecting legibility) with the word "CONFIDENTIAL." Any party or non-party may obtain confidential treatment for Discovery Materials previously produced by any party or non-party without such designation if the party seeking the designation does so within thirty (30) days of production, sends written notice of such designation to all other parties or non-parties in possession of such Discovery Materials, and marks and reproduces the Discovery Materials.

5. In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Discovery Materials, the party creating such an electronic record shall mark the case, envelope, or digital file containing the material with



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

the word "CONFIDENTIAL." Documents printed from such electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Agreement.

6. Confidential Discovery Materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order. A non-producing party shall not, except by consent of the producing party or witness, use Confidential Discovery Materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the prosecution and/or defense of this action.

7. A non-producing party shall not, without the consent of the producing party or witness, disclose Confidential Discovery Materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

a. Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action;

b. The parties' in-house counsel who are assisting in the prosecution and/or defense of this action;

c. The named parties in this action and employees, officers, and directors of named parties;

d. Any expert retained or consulted in connection with the prosecution and/or defense of this action;



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

e. Any non-party deponents or witnesses at depositions or hearings, as reasonably necessary to give their testimony;

f. Court reporters and stenographers; and

g. The Court and any persons employed in the Court whose duties require access to Confidential Discovery Materials.

h. The insurance carrier for any party to whom disclosure is reasonably necessary for this litigation.

8. Before any person unaffiliated with the Court, other than counsel of record and counsel's employees, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment." Executors of said Acknowledgment shall be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executor that was designated by another party as "confidential," and who has not executed a copy of the attached "Acknowledgement." The Acknowledgement for an expert or consultant shall initially be held by counsel for the parties receiving confidential information and promptly released to counsel for the designating parties when such expert or consultant is disclosed, received confidential information if he or she is already disclosed, or at the end of the case, whichever comes first. Counsel for the respective parties also shall maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon appropriate Order. Counsel of record and counsel's employees need not execute such an Acknowledgement but are deemed subject to the provisions of this Order by virtue of its entry.

MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

9. Whenever possible, the lawyer defending a deposition or other oral testimony involving Confidential Discovery Materials shall affirmatively designate that testimony with the appropriate category of designation on the record. A party or the witness may also make such a designation after transcription by giving written notice identifying the information to be so designated by page and line number(s) to counsel of record within thirty (30) days from the date they receive a copy of the transcript.

10. Any party may object to the designation of particular Discovery Materials as Confidential by giving written notice to the party or witness making the designation and to all other parties. Such notice shall identify with reasonable specificity the Discovery Materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve such dispute by meeting and conferring. In the event the dispute cannot be resolved within ten (10) business days of receipt of such notice, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting a ruling by the Court that the disputed Discovery Materials not be designated Confidential. The disputed Discovery Materials shall be treated as Confidential pending a ruling from the Court.

11. Within sixty (60) days of the entry of a final judgment or a dismissal of the entire action, all Confidential Discovery Materials, including any summaries and copies thereof, shall be returned to the producing or providing party or witness to be destroyed, or shall be destroyed. Within that time, counsel for receiving parties shall provide to the party or witness producing or providing Confidential Discovery Materials a declaration stating that all such Discovery Materials, including copies or summaries thereof, have been returned or destroyed.

12. Whenever filed with the Court for any reason, all designated materials disclosed by any party shall be submitted for filing with the Court under seal and shall be kept under seal



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

until further order of the Court. However, such designated materials shall continue to be available to the Court and to such persons who are permitted access to the same under this Protective Order. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

13. This Protective Order may be modified by written stipulation signed by the parties or counsel or by order of the Court. Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The production or provision of Discovery Materials subject to this Protective Order shall not constitute an admission as to the admissibility at trial of any Discovery Material. Nothing contained in this Protective Order or any designation of confidentiality or restriction hereunder or any failure to make such designation shall be used or characterized by any party as an "admission" by a party opponent.

15. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion, or *ex-parte* application if the requirements for an ex-parte application have been met.



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

16. This Protective Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Protective Order. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

17. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

**IT IS SO AGREED AND STIPULATED.**

Dated: ____________

MAIRE, PERRINE, POWELL & WERNER

/s/
DAVID S. PERRINE
ALEXIS R. PALMA
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

Dated: ____________

HASLERUD LAW OFFICE

/s/
TIMOTHY J. NISSON
Attorney for Plaintiff
DEBRA AMES

Dated: ____________

ARENTFOX SCHIFF LLP

/s/
RACHEL A. REMKE
Attorney for Defendant
DOREL HOME FURNISHINGS, INC



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DEBRA AMES,

Plaintiff,

vs.

DOREL HOME FURNISHINGS, INC, COSTCO WHOLESALE CORPORATION, and DOES 1 through 50, Inclusive

Defendants.
______________________________________/

CASE NO.: 2:25-cv-02407-DJC-DMC

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, ________________________________, hereby acknowledge that I have read the Protective Order entered in connection with the above-captioned matter, and that I am familiar with its terms.

The undersigned further acknowledges that he or she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, consents to the jurisdiction of the United States District Court for the Eastern District of California over his or her person, and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of penalties being imposed as a result of being held in contempt of court for violating the Protective Order, and any other damages causally related to said violation.

DATED: ____________________

______________________________
(signature)

______________________________
(printed name)



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED**.

Dated: July 29, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE



MAIRE, PERRINE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050